# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 4:17-00203-CV-RK |
| v. | )<br>) |
| BRETTON B. RIPLEY, et al. | )<br>) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Steve Dean's Motion to Dismiss filed on April 11, 2017.[1] (Doc. 5.) For the foregoing reasons, Defendant Dean's Motion to Dismiss (doc. 5) is **GRANTED** as to dismissal of claims against Defendant Dean.

On December 12, 2012, Defendant Bretton Ripley drove Mary Webb's vehicle, while Mary Webb was a passenger in the vehicle. (Doc. 1.) Ripley and Webb were involved in a motor vehicle accident from which Mary Webb died. (*Id.*) Defendant Dean is representing Webb's minor children in a wrongful death action in state court.

At issue in this Order is whether the Court has jurisdiction over the claims against Defendant Dean.[2] The Complaint identifies Plaintiff as a resident of Illinois and Defendant Dean as a resident of Missouri. (Doc. 1.) Plaintiff claims jurisdiction exists based on diversity of citizenship and seeks declaratory relief. (*Id.*) Pursuant to 28 U.S.C. §1332, "[t]he district courts

---

[1] In light of the parties' settlement agreement, the Court previously found Defendant Steve Dean's Motion to Dismiss moot (doc. 12). However, due to disagreements between parties regarding the settlement, the Motion to Dismiss (doc. 5) is no longer moot.

[2] Defendant Dean's Motion to Dismiss (doc. 5) broadly moved to dismiss the case for lack of subject matter jurisdiction. However, the claims against Defendant Dean and Defendant Ripley are distinct in that Plaintiff seeks a declaration of rights declaring Mary Webb's automobile insurance policy invalid; therefore, Plaintiff has no duty to defend or indemnify Defendant Ripley. These claims are measured by different amounts. As discussed here, Defendant Dean's claims are measured by the policy limits whereas Defendant Ripley's claims are measured by the likely cost of a defense. Because the parties only argue the jurisdictional amount with respect to Defendant Dean, the Court will only take up the jurisdictional amount as it amounts to Defendant Dean. The parties do not address whether the Court has supplemental jurisdiction of Defendant Dean's claims based on Defendant Ripley's claims. However, even if supplemental jurisdiction existed, the Court would decline to exercise supplemental jurisdiction of Defendant Dean's claim under 28 U.S.C. § 1367(c).

shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Plaintiff, as the party invoking the Court's jurisdiction, must present facts supporting jurisdiction by a preponderance of the evidence. *Schubert v. Auto Owners Inc. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). In particular, Plaintiff must show the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). The sum claimed in the complaint by the plaintiff is usually dispositive. *Schubert*, 649 F.3d at 822. However, that sum does not control where, from the complaint, it appears to a legal certainty the plaintiff's claim is actually for less than the jurisdictional amount. *Id.* *See Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC,* 620 F.3d 926, 932 (8th Cir. 2010) ("a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount'").

Here, upon review of the Complaint (doc. 1), the policy limits in the insurance policy are, to a legal certainty, unable to satisfy the jurisdictional amount. *See Hartford Ins. Co. of the Midwest v. Wyllie,* 2005 WL 902776, * 2 (E.D. Mo. Mar. 28, 2005) ("If the substance of the declaratory judgment seeks to determine whether an insurance policy itself is valid, then the policy limit is, essentially, the value of the object of the litigation"); *Scottsdale Ins. Co.,* 620 F.3d at 932 ("policy limits are relevant to determining the amount in controversy when the validity of the entire policy is at issue").

Therefore, because the suit at issue seeks a declaratory judgment to determine the validity of an insurance policy, the value of the litigation is the policy limits. The policy limits at issue are $25,000.00 per person and $50,000.00 per occurrence. As a result, the suit at issue cannot, to a legal certainty, meet the requirement pursuant to 28 U.S.C. § 1332(a) for federal jurisdiction as to claims against Defendant Dean.

**Conclusion**

Accordingly, Defendant Steve Dean's Motion to Dismiss is **GRANTED** as to claims against Defendant Dean.  In light of the Court's ruling, Plaintiff's Motion to Enforce Settlement Agreement (doc. 20) and Plaintiff's Motion for Leave to Deposit Money into Court (doc. 22) are denied as moot.

**IT IS SO ORDERED.**

                                              s/ Roseann A. Ketchmark
                                              ROSEANN A. KETCHMARK, JUDGE
                                              UNITED STATES DISTRICT COURT

DATED: December 8, 2017